UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| COURTNEY HEDRICK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CV-189-DCLC-HBG |
| PERFORMANCE PIPE, | ) | |
| Defendant. | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court on August 5, 2020, for a discovery dispute conference. Attorneys Link Gibbons and Katherine Young appeared on behalf of Plaintiff. Attorney Hillary Klein appeared on behalf of Defendant. In preparation of the telephone conference, the parties each submitted to Chambers a position statement regarding the present discovery dispute. Following the hearing, at the direction of the Court, Plaintiff submitted Defendant's Position Statement and EEOC Response in this matter for the undersigned's consideration, while Defendant submitted a supplemental letter providing additional information.

### I.    POSITIONS OF THE PARTIES

Plaintiff asserts that Defendant has provided deficient discovery responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. Plaintiff notes that Defendant has asserted the attorney-client privilege or work product doctrine to withhold approximately 472 documents on its privilege log, largely consisting of employee statements, emails, and investigation notes of Plaintiff's claims from both before and after the lawsuit in the

present case was filed. Plaintiff maintains that as Defendant has set forth a *Faragher-Ellerth* defense in its Answer [Doc. 10], and attempts to rely on its policies and investigation as a defense, it has waived such privilege, citing *Reitz v. City of Mt. Juliet*, 680 F. Supp. 2d 888, 892–94 (M.D. Tenn. 2010) in support.

Plaintiff also asserts that the EEOC Response from Defendant's prior counsel repeatedly discussed the results of the investigation, and that Defendant's human resources department conducted such investigation at the direction of counsel. Lastly, Plaintiff claims that Defendant's privilege log listed numerous interactions with individuals who are not attorneys, as well as active participation by counsel, thus waiving the claimed privileges.

Defendant responds that its privilege and work product designations are proper, as the documents identified in the privilege log are either confidential communications between Defendant and its counsel on matters relating to legal representation, or documents prepared by or for a lawyer in anticipation of litigation, dated after Defendant received a copy of the Charge of Discrimination. Additionally, Defendant maintains that *Reitz* does not support Plaintiff's contention that raising the *Faragher-Ellerth* defense waives privilege and work product protections, as *Reitz* involved a waiver of privilege and work-product protection when the defendant affirmatively relied upon the internal investigation report in a motion for summary judgment. Moreover, Defendant submits that the investigation in the present case was conducted by Defendant's Human Resources ("HR") Department, and case law establishes that the privilege is not waived unless counsel actually conducts the investigation or acts as the decisionmaker with respect to the results of the investigation. Additionally, Defendant claims that the facts of this case do not support a waiver as there are documents from before the involvement of counsel that support application of the affirmative defense.

Lastly, Defendant claims that the reference to the investigation conducted in its position statement filed with the EEOC does not waive privilege and work product protections, as Defendant is not contending that the investigation was privileged; rather, they are asserting that the communications with counsel about the investigation are subject to these privilege and/or work product protections. Defendant submits that Plaintiff's argument regarding Defendant's EEOC Response was rejected by the only court to explicitly address this issue in *Robinson v. Vineyard Vines, LLC*, No. 15CIV4972VBJCM, 2016 WL 845283, at *5 n.8 (S.D.N.Y. Mar. 4, 2016).

## II. ANALYSIS

Plaintiff alleges claims of racial discrimination and retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* [Doc. 1]. As the Court detailed above, in its Answer, Defendant raised the *Faragher-Ellerth*[1] affirmative defense. [Doc. 10]; *see James v. Quanta Servs., Inc.*, No. CV 18-11135, 2020 WL 2849987, at *7 (E.D. Mich. June 1, 2020) ("To prevail on this affirmative defense, Defendants must prove, by a preponderance of the evidence, that (1) they 'exercised reasonable care to prevent and correct promptly any sexually harassing behavior,' and (2) Plaintiff 'unreasonably failed to take advantage of any preventive or corrective opportunities provided by [Defendants] or to avoid harm otherwise.'") (internal citations omitted). Subsequently, Defendant supplied to Plaintiff a privilege log indicating approximately 472 documents that were withheld on the ground of attorney-client privilege or work product protection.

---

[1] *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

"The attorney-client privilege protects confidential communications between a lawyer and a client on matters relating to legal representation." *Elvis Presley Enterprises, Inc. v. City of Memphis*, No. 2:18-CV-02718-SHM-DKV, 2019 WL 9513203, at *2 (W.D. Tenn. Nov. 18, 2019) (citing *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005)). The work-product doctrine "is distinct from and broader than the attorney client privilege." *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 304 (6th Cir. 2002). Work-product extends beyond confidential communications between the attorney and client to "any document prepared in anticipation of litigation by or for the attorney." *Id.* The doctrine is codified in Federal Rule of Civil Procedure 26(b)(3)(A), which states in pertinent part that a party may not ordinarily discover—save for a showing of "undue hardship"— documents or tangible things that are prepared in anticipation of litigation ... by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). "Fact" work product—which reflects information received by the lawyer— receives less protection than "opinion" work product. *Reitz v. City of Mt. Juliet*, 680 F. Supp. 2d 888, 892 (M.D. Tenn. 2010). "Opinion" work product reflects the lawyer's mental impressions, opinions, conclusions, judgments, or legal theories. *Id.*

The attorney-client privilege "may implicitly be waived when the defendant asserts a claim that in fairness requires examination of protected communications." *Ross*, 423 F.3d at 605 (internal citation omitted); *see also In re Lott*, 424 F.3d 446, 454 (6th Cir. 2005) ("[L]itigants cannot hide behind the privilege if they are relying upon privileged communications to make their case.").

In *Reitz v. City of Mount Juliet*, the key case cited by Plaintiff in support, the Middle District of Tennessee held that the defendant waived privilege and work product protections by relying upon the report of an attorney retained to conduct an internal investigation in its motion for

4

summary judgment. 680 F. Supp. at 892. The plaintiff in *Reitz*, who had alleged Title VII claims against the city, moved to compel discovery of memoranda of interviews that had been conducted by the defendant's retained counsel. *Id.* The Middle District of Tennessee found that "the defendant cannot use the Berexa report as a sword by premising its *Faragher-Ellerth* defense on the report, then later shield discovery of documents underlying the report by asserting privilege or work-product protection." *Id.*

Ultimately, the Court agrees with Defendant that the attorney-client privilege or work product protection has not been waived by raising of the *Faragher-Ellerth* defense. Plaintiff fails to establish that Defendant has relied upon evidence related to the internal investigation such "that in fairness requires examination of protected communications." *Ross v. City of Memphis*, 423 F.3d 596, 605 (6th Cir. 2005) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)); *see Reitz*, 680 F. Supp. 2d at 893 ("Although neither party cites them, the court's research has revealed numerous cases compelling the conclusion that the City's reliance on the report waived the attorney-client privilege and work-product protection for the interview memoranda."). Unlike in *Reitz*, where the defendant cited to the report of the internal investigation in support of its motion for summary judgment, Defendant has merely raised the *Faragher-Ellerth* defense in its Answer. *See Reid-Lamb v. Time Warner Entm't Co.*, No. 3:10-CV-77-FDW-DCK, 2010 WL 5128632, at *2 (W.D.N.C. Dec. 10, 2010) ("The Court finds that *Reitz* does not support Plaintiff's motion in this case, but rather bolsters Defendant's opposition to the motion to compel. Unlike *Reitz,* there is no evidence that Defendant has used the documents Plaintiff seeks as support for any of its affirmative defenses, or that it intends to do so.").

Additionally, the key issue before the Court in whether the assertion of a *Faragher-Ellerth* defense waives privilege and work product protections is the role of defense counsel in

5

participating in the investigation. *See, e.g.*, *Culp v. Remington of Montrose, LLC*, No. 18-CV-02213-MSK-GPG, 2020 WL 2316099, at *2 (D. Colo. May 11, 2020) ("The 10th Circuit has not– and indeed, as best as the Court's research reveals, nor has any Circuit Court of Appeals– categorically stated that assertion of a *Faragher*/*Ellerth* defense operates to waive privileges that attach to an **attorney-guided investigation** of a sexual harassment complaint. But the clear weight of District Court authority leans towards such a finding.") (emphasis added).

In *McKenna v. Nestle Purina PetCare Co.*, a case cited by Defendant, the Southern District of Ohio found that the defendant did not "waive[ ] any privilege relating to its investigation of [plaintiff's] claims of sexual harassment because, in its answer, it raised the defense of adequate investigation," as the attorneys "did not personally engage in the investigation, conduct interviews, or make decisions" or "otherwise participate in the investigation itself." No. 2:05-cv-0976, 2007 WL 433291, at *4 (S.D. Ohio Feb. 5, 2007). Here, Defendant has stated that the investigation into Plaintiff's claims was conducted by Defendant's HR Department. The attorney-client privilege and work product doctrine have not been waived at this time, as Plaintiff has not demonstrated that Defendant's counsel was sufficiently involved in the investigation, whether by conducting interviews or actively participating in the investigation. *See Koss v. Palmer Water Dep't*, 977 F. Supp. 2d 28, 29–30 (D. Mass. 2013) ("In contrast to *McKenna* and *Waugh* [*v. Pathmark Stores, Inc.*, 191 F.R.D. 427 (D.N.J. 2000)]*,* the documents reviewed by the court reflect ongoing, active participation in the investigation on the part of attorneys at Royal LLP in the form of guidance, advice, and direction to Henry Rigali, the individual charged by Defendants to investigate and report on Plaintiff's sexual harassment claims."); *McKenna*, 2007 WL 433291 at *4 ("If an attorney had been consulted about an investigation but did not himself or herself conduct interviews, make disciplinary decisions, or otherwise participate in the investigation itself, the

6

contents of the attorney's advice to the client about the investigative process and the decisions made by the employer remain privileged.").

Following the telephone conference, Plaintiff submitted Defendant's Position Statement and Response to the EEOC charge, with sections involving the investigation specifically highlighted. However, based upon the Court's review of Defendant's position statement, it does not establish sufficient attorney involvement or reliance by Defendant. *See Robinson v. Vineyard Vines, LLC*, No. 15:CIV-4972-(VB)-(JCM), 2016 WL 845283, at *5 n.8 (S.D.N.Y. Mar. 4, 2016) (holding the defendants did not waive any privilege involving documents related to the investigation by asserting the *Faragher-Ellerth* affirmative defense, in part due to defendant's clarification that they did not mean to assert such an affirmative defense as to any investigation, but also stating "to the extent Defendants made any limited disclosures in the Position Statement [to the EEOC], those disclosures did not waive work-product protection as to the undisclosed Investigative Documents").

As Defendant notes, it is not claiming that the investigation was privileged, but rather that the communications with counsel are subject to protection. Moreover, the documents identified on Defendant's privilege log were dated after the receipt of the EEOC charge. *See id.* *4 ("[A]n assertion of the *Faragher/Ellerth* defense does not waive the privilege as to documents generated during 'investigations related to EEOC charges or future litigation,' unless the defendant 'relies on those documents for its Faragher/Ellerth defense.'") (internal citations omitted).

Ultimately, Defendant is not seeking to use the "content of privileged communications" relating to its investigation as a "sword," while also using the attorney-client privilege and work product protection "as a shield." *See Ross v. City of Memphis*, 423 F.3d 596, 604 n.5 (6th Cir. 2005). Therefore, for the reasons set forth above, the Court finds that the attorney-client privilege

7

and the work product doctrine protections have not been waived at this time, and Defendant will not be required to provide all documents related to its investigation into Plaintiff's complaints of racial discrimination and retaliation, or related to the *Faragher-Ellerth* defense as set forth in its Answer. However, Plaintiff is free to further pursue in discovery the involvement of Defendant's former counsel in the investigation.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge